IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60157

_____


JUAN ALONSO MANCHA-CHAIREZ,

                                                        Petitioner,

versus

JANET RENO, Attorney General,

                                                        Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
USDC No. A34-690-070

_____

June 27, 2000

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Juan Mancha-Chairez has been a lawful permanent resident in the United States since 1975. In 1988, he pled guilty to marijuana possession in Texas state court. In 1997, he again pled guilty to marijuana possession, this time in federal court. The Immigration and Naturalization Service (the "INS") began deportation proceedings against him in 1998, on the grounds that he had been convicted of a controlled substance offense. At the hearing, Mancha-Chairez conceded that he was removable, but he petitioned the court for discretionary relief under 8 U.S.C. § 1229b. The

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration judge determined that Mancha-Chairez merited this relief, but the Board of Immigration Appeals later reversed. Mancha-Chairez then filed a timely appeal to this court. For the reasons stated herein, we conclude that we lack jurisdiction to review this judgment and therefore dismiss the appeal.

I

Mancha-Chairez was admitted to the U.S. as a lawful permanent resident in 1975. He is now 44 years old. In 1988, he pled guilty in Texas state court to a charge of unlawful possession of marijuana. At the time, Texas law qualified this offense as a third degree felony. The trial court deferred adjudication of Mancha-Chairez's guilt and placed him on five years' probation. Though he completed this term without incident, the charge against Mancha-Chairez was never dismissed because he failed to pay court costs assessed against him.

In 1997, Mancha-Chairez again pled guilty to marijuana possession, this time in federal court. The district court granted a downward departure based on Mancha-Chairez's diminished mental faculties and sentenced him to six months' home confinement and six months of probation.

In the spring of 1998, however, the INS began deportation proceedings against Mancha-Chairez. It charged him with deportability for having been convicted of a controlled substance offense. At the hearing, Mancha-Chairez conceded that he was an alien and removable because of his federal marijuana possession

2

conviction. But he petitioned the court for cancellation of removal under the discretionary relief provisions of 8 U.S.C. § 1229b. The INS opposed his request, arguing that his federal drug possession conviction qualified as an "aggravated felony," making him ineligible for relief. Though normally a misdemeanor, simple possession is punishable as a felony under 21 U.S.C. § 844(a) if the defendant has a prior drug trafficking conviction. According to the INS, because Mancha-Chairez had a state court conviction of a drug trafficking offense, his federal offense of simple possession amounted to a felony because it was punishable by up to two years, regardless of his actual sentence. And because this felony, drug possession, was analogous to a drug trafficking crime, it qualified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43). This provision made Mancha-Chairez ineligible for cancellation of removal. The immigration judge ruled, however, that discretionary relief was warranted and canceled removal.

The INS appealed this ruling to the Board of Immigration Appeals. The Board, however, accepted the INS' argument that Mancha-Chairez was ineligible for discretionary relief and reversed the immigration judge's ruling.

Mancha-Chairez then filed a timely appeal with this court. The INS opposes, contending that we lack jurisdiction to review the Board's determination under both 8 U.S.C. § 1252(a)(2)(C) and § 1252(a)(2)(B)(i).

## II

Mancha-Chairez sought to cancel removal under 8 U.S.C. § 1229b(a).[1]  The Board ruled that Mancha-Chairez had been convicted of what amounted to an aggravated felony, and therefore rejected his request.  The threshold question before us, therefore, is whether such a judgment is reviewable in federal court.

We do not believe it is.  Federal law specifically prohibits us from conducting the review that Mancha-Chairez seeks:

> (2) Matters not subject to judicial review . . .
>     (B) <u>Denials of discretionary relief</u>
>     <u>Notwithstanding any other provision of law, no</u>
>     <u>court shall have jurisdiction to review</u>--
>             (i) <u>any judgment regarding the granting of</u>
>                 <u>relief under section</u> 1182(h), 1182(i),
>                 <u>1229b</u>, 1229c, or 1255 of this title.

8 U.S.C. § 1252(a) (emphasis added).[2]  We have before us a "denial of discretionary relief" that involved a "judgment regarding the granting of relief under section 1229b."

---

[1]This provision provides:

Cancellation of removal for certain permanent residents

 The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--
   (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
   (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
   (3) has not been convicted of any aggravated felony.


[2]The INS instituted removal proceedings on May 25, 1998. Because the permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply to proceedings commenced on or after April 1, 1997, we apply those permanent provisions to the case before us.

Some commentators have suggested this provision should be construed narrowly, to block judicial review only in cases where the Board has actually "granted" relief. See, e.g., Lenni B. Benson, The New World of Judicial Review of Removal Orders, 12 Geo. Immig. L. J. 233, 241 (1998). We disagree. First, to read the statute in this way would ignore the heading "Denials of discretionary relief." Second, the statute refers to "judgments *regarding* the granting of relief," not "judgments granting relief." Both these aspects of the statute force us to reject the proposed narrow construction. We hold, therefore, that this provision forestalls any judicial review of Board judgments, regardless of the conclusion reached.[3]

Because we reach this result, we need not address the INS' arguments concerning 8 U.S.C. § 1252(a)(2)(C) or the merits of Mancha-Chairez's appeal.

### III

For the reasons stated herein, the appeal is

D I S M I S S E D.

Respondent's Motion To Dismiss Petition for Review for lack of jurisdiction is denied as moot.

---

[3]We state no opinion here as to the availability of habeas corpus relief.

5